AO 91 (Rev. 11/11) Criminal Complaint        AUSA Andrew K. Polovin (312) 353-5351

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
9-26-14
SEP 2 6 2014

UNITED STATES OF AMERICA

v.

BRIAN HOWARD

CASE NUMBER: MICHAEL T. MASON
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

14 CR 537

CRIMINAL COMPLAINT   MAGISTRATE JUDGE MASON

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about September 26, 2014, at Aurora, Illinois, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 32(a)(3) | willfully set fire to, damaged, destroyed, or disabled an air navigation facility, and interfered by force or violence with the operation of such facility, and endangered the safety of aircraft in flight. |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

FRANK JACK SODETZ, III
Special Agent, Federal Bureau of Investigation (FBI)

Sworn to before me and signed in my presence.

Date: September 26, 2014

City and state: Chicago, Illinois

MICHAEL T. MASON, U.S. Magistrate Judge
*Printed name and Title*

FILED
SEP 2 6 2014
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

1

UNITED STATES DISTRICT COURT   )
                               )
NORTHERN DISTRICT OF ILLINOIS  )

## AFFIDAVIT

I, Frank Jack Sodetz, III, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed for approximately thirteen years. I am currently assigned to the West Resident Agency, Violent Crimes Task Force.

2. As part of my duties as an FBI Special Agent, I investigate violent crimes including kidnaping, murder for hire, bank robberies, and other federal criminal offenses. I frequently work in tandem with Special Agents from the Bureau of Alcohol, Tobacco and Firearms, and members of local law enforcement.

3. This affidavit is made for the purpose of establishing probable cause in support of a criminal complaint that charges BRIAN HOWARD with setting fire to, damaging, and destroying an air navigation facility and interfering by force and violence with the operation of such facility, in violation of Title 18, United States Code, Section 32(a)(3).

4. This affidavit is also made for the purpose of establishing probable cause in support of warrants to search the premises listed below ("**Search Sites**"), which are further described below and in Attachment A, and to seize evidence relating to the commission of offenses in violation of

Title 18, United States Code, Section 32(a)(3), as further described in Attachments B. In particular, this affidavit is made in support of an application for a warrant to search: (1) a blue GMC Yukon truck, 2007 model, VIN# IGKFK13037J131521, bearing Illinois registration G17-2621, registered to Brian Howard of 1307 Ivy Lane, Apartment 201, Naperville, IL 60563 (the "**Subject Vehicle**" as further described in Attachment A); and (2) the residence and detached garage (Number 68), located at 1307 Ivy Lane, Apartment 201, Naperville, IL 60563 (the "**Subject Premises**" as further described in Attachment A).

5. The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. The recitation of facts contained in this Affidavit is not meant to be a complete narrative of all that has occurred in connection with this investigation, but is only a summary of facts necessary to show probable cause to support the charge and search and seizure warrants, as set forth herein.

## Conduct Giving Rise to Probable Cause

6. According to a representative of the Federal Aviation Administration, the Chicago Air Route Traffic Control Center (the "Control Center") is an FAA air navigation facility located at 619 West Indian Trail,

2

Aurora, Illinois. The Control Center controls overflight air traffic for flights traveling at 5,000 feet and above over the central United States, including, but not limited to, Illinois, Indiana, and certain parts of Ohio. Given its central location, the Control Center is critical to air travel throughout the United States.

7. According to the Technical Operations Manager of the Control Center, BRIAN HOWARD was employed by Company A and worked as a contract employee at the Control Center. HOWARD has worked at the Control Center for approximately eight years on telecommunication matters. He worked in the basement of the facility. He had access to the Control Center via a key card. HOWARD was recently advised that he was being transferred to Hawaii.

8. According to the Control Center's key card access system and video surveillance system, at approximately 5:06 a.m., on September 26, 2014, HOWARD arrived at the Control Center. He used his access card to enter the Control Center. HOWARD's entry into the Control Center was monitored by the key card access system and the video surveillance system. As shown in the video surveillance, when HOWARD entered the Control Center, he was dragging a black Pelican case, which is a type of hard-sided roller board suit case.

9. At approximately 5:36 a.m., about 30 minutes after entering the Control Center, a private message was posted on a Facebook account held in the name of HOWARD. According to the Aurora Police Department, Individual A (a relative of HOWARD's) saw the Facebook message posted to HOWARD's Facebook account and forwarded it to the Naperville Police Department, who then forwarded it to the Aurora Police Department.

10. I have reviewed HOWARD's Facebook message. It states, in part, "Take a hard look in the mirror, I have. And this is why I am about to take out ZAU[1] and my life. April, Pop, love you guys and I am sorry. Leaving you with a big mess. Do your best to move on quickly from me please. Feel like I give a shit for the first time in a long time again ... but not for too long (haha!) So I'm gonna smoke this blunt and move on, take care everyone."

11. At approximately 5:42 a.m., an individual within the Control Center called 911 and notified emergency personnel that the Control Center was on fire.

12. Two first responders arrived at the Control Center soon after the 911 call was placed. I interviewed Paramedic A, a member of the Aurora Fire Department. According to Paramedic A, when he arrived, he and the other

---

[1] According to an FAA representative, ZAU is the three-letter call number for the Control Center.

4

first responder entered the basement of the Control Center. There was smoke hovering on the ground, and the two first responders followed the smoke in the direction where it was heaviest.

13. Paramedic A informed me that he and the other first responder saw blood on the ground of the Control Center's basement. They followed the blood to an area where they observed a floor panel that had been pulled away from the floor exposing telecommunications cables and other wires. Paramedic A also saw a gas can next to the floor panel that had been pulled away, the nozzle to the gas can, towels that appeared to have been burned, and a black Pelican roller board case.

14. Paramedic A informed me that he and the other first responder continued to follow the trail of blood. They saw a knife and a lighter on the floor, and then another knife and more blood.

15. Paramedic A then saw a pair of feet sticking out from under a table. Paramedic A found a white male, later identified as HOWARD, without a shirt. HOWARD was in the process of actively slicing his throat with another knife. Paramedic A also observed cut wounds on HOWARD's arms.

16. Upon finding HOWARD, Paramedic A pulled the knife from HOWARD's hand and set it on the table. Both first responders then began to treat HOWARD. HOWARD told the first responders to "leave me alone."

17. The first responders removed HOWARD from the Control Center and transported him to a hospital in Aurora.

18. After securing the scene, Aurora Police identified the Subject Vehicle in the parking lot of the Control Center. Due to the nature of the crime under investigation and the use of potentially explosive substances, law enforcement conducted a preliminary search of the **subject vehicle** onsite at the Control Center to ensure that it did not contain explosives.

19. An employee of the Arbor Apartment Complex informed law enforcement that the **Subject Premises** are leased to HOWARD.

### Bases for Search

20. Based on my years of experience investigating violent crimes, I know that automobiles are often used to facilitate crimes. In this case, HOWARD traveled to the Control Center in his vehicle and likely used the car to transport the Pelican roller board and the other instrumentalities observed at the crime scene. The vehicle remained in the Control Center's parking lot and was registered to HOWARD.

21. Because of the nature of the crime and what appeared to be HOWARD's attempted suicide, Naperville Police travelled to HOWARD's residence at 1307 Ivy to conduct a well-being check, i.e., to ensure there were no other victims of HOWARD's crime and no additional explosives or

6

incendiary devices at his residence. While inside HOWARD's residence, Naperville police officers observed legal documents that had been laid out in a staged manner, in an attempt to make them easier to find.

22. In my experience, perpetrators of crime often store instrumentalities of their crimes, such as personal computers, gas receipts, suicide notes, or other items, in their residence or garage.

23. Based on the above information, I respectfully submit that there is probable cause to believe that evidence and instrumentalities of a violation of Title 18, United States Code, Section 32(a)(3), has been committed, and that evidence relating to this criminal conduct, as further described in Attachment B, will be found in the residence and detached garage further described in Attachment A, and the vehicle further described in Attachment B. I therefore respectfully request that this Court issue a search warrant for HOWARD's residence, detached garage, and vehicle, as more particularly described in Attachments A through B, authorizing the seizure of the items described in Attachment B.

FURTHER AFFIANT SAYETH NOT.

_____
Frank Jack Sodetz, III Special Agent
Federal Bureau of Investigation

Subscribed and sworn
before me this 26th day of September, 2014

_____
Honorable Michael T. Mason
United States Magistrate Judge