UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 14 CR 537 |
| vs. ) | |
| ) | Acting Chief Judge Rebecca Pallmeyer |
| BRIAN HOWARD ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME
TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

The UNITED STATES OF AMERICA, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for one 30-day extension of time, to and including November 28, 2014, in which to seek the return of an indictment against the defendant, for the following reasons:

1. On September 26, 2014, defendant set fire to the Chicago Air Route Traffic Control Center (the "Control Center"), a Federal Aviation Administration facility located in Aurora, Illinois. The Control Center is responsible for high altitude air traffic control services across the Midwestern United States. The government charged the defendant with destruction of an air navigation facility, in violation of Title 18, United States Code, Section 32(a), on the same day.

2. On September 29, 2014, federal law enforcement officers arrested defendant following his release from Mercy Medical Center in Aurora. Defendant then had his initial appearance before Magistrate Judge Michael Mason. The

defendant waived his right to a detention or preliminary hearing. The court issued an order of detention.

3. The investigation in this case is complex given the substantial amount of physical evidence and the impact defendant's conduct had on the nation's air traffic system. For example, investigators have retrieved substantial physical evidence both from the crime scene and pursuant to search warrants covering defendant's residence and personal vehicle. Law enforcement officers have searched various forms of electronic media, including multiple computers, a hard drive, a tablet computer, and a thumb drive recovered from defendant's residence. In addition, the government continues to utilize the grand jury's subpoena power to recover evidence, and is awaiting a response on at least one outstanding subpoena.

4. The physical evidence recovered from the scene of the crime also is substantial. Law enforcement recovered various items used to start the fire, knives, wire cutters, and other evidence, much of which requires additional forensic analysis by law enforcement. Collecting, processing, and analyzing this information takes a substantial amount of time.

5. The complexity of the investigation makes the charging decisions in this case more difficult. The government has worked diligently to determine the appropriate charges based on the evidence obtained, but the significant amount of evidence has slowed that process. In addition to the complexity of the investigation, the parties are exploring the possibility of resolving this case without the need for substantial pre-trial proceedings or trial.

6. The United States estimates that one 30-day extension from the current expiration date of October 29, 2014, up to and including November 28, 2014, will be sufficient time within which to return an indictment in this matter.

7. Among the factors identified by Congress as relevant to the determination of whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(7)(B). It provides in relevant part:

> Whether the case is so unusual or so complex, due to the number of defendants [or] the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(B)(ii), (iii), and (iv).

8. The government respectfully submits that a 30-day continuance is warranted in this case pursuant to the forgoing provisions. First, the government has been conducting a diligent and thorough investigation in this case, but the investigation concerns a complex crime involving a substantial amount of evidence. The government cannot complete its investigation and appropriately conclude the investigation within the time allowed under Section 3161(b) of the Speedy Trial Act.

3

9. Second, this is a case where defendant's arrest preceded the indictment. The government had no advance warning of the crimes defendant committed. Nor had the government commenced its investigation prior to September 26, 2014. The government charged defendant the same day he committed his crimes, and it requires additional time to complete its investigation.

10. The government spoke to defendant's counsel, who said that the defendant did not object to this motion.

WHEREFORE, the United States respectfully requests one 30-day extension of time from October 29, 2014, to and including November 28, 2014, in which to seek an indictment in this case.

Dated: October 22, 2014

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: /s/ Andrew K. Polovin
    Andrew K. Polovin
    Assistant United States Attorney
    United States Attorney's Office
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5351

4

## CERTIFICATE OF SERVICE

I, Andrew K. Polovin, hereby certify that on October 22, 2014, I caused a copy of the foregoing to be served in accordance with Fed. R. Crim. P. 49, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

<u>s/ Andrew K. Polovin</u>
ANDREW K. POLOVIN
Assistant United States Attorney
U.S. Attorney's Office
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
312.353.5351
andrew.polovin@usdoj.gov